IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL CASE NO. 3:95cr178-08

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> LONNIE HAMES, JR. ) <br> ) | **O R D E R** |

**THIS MATTER** is before the Court on reassignment.

On June 2, 2008, Randolph Lee was appointed to represent the Defendant for the purpose of determining whether Amendment 706 to the United States Sentencing Guidelines applied to the Defendant. [Doc. 465]. The Defendant had apparently been identified as a one who may be entitled to relief under 28 U.S.C. §3582 as a result of Amendment 706. For reasons unknown to the Court, Mr. Lee did not file any motion on the Defendant's behalf, file a notice of ineligibility or otherwise make an appearance.

On November 17, 2008, the United States Probation Office filed its Supplement to the Presentence Report Pursuant to the Crack Cocaine

Guideline Amendment and its Sentencing Recommendation. [Docs. 485, 486]. The Probation Office recommended that the Amendment be applied to the Defendant and that his sentence be modified to a sentence of time served. [Id.]. No further action was taken on the Defendant's behalf.

On April 1, 2009, this case was reassigned to the undersigned. Because the supplement to the presentence report indicated that the Defendant had a projected release date of March 6, 2009, based on the calculation of the Bureau of Prisons, the Court inquired as to whether the Defendant remains in custody and whether application of the Amendment to his sentence should be made. The Court was advised that the Defendant had in fact been released from prison on March 6, 2009, thus rendering moot any question as to whether the Defendant is entitled to have his sentence shortened.

It has been requested, however, that the question of the Defendant's Amendment 706 eligibility be determined by the Court notwithstanding the Defendant's release. The Court, however, does not have jurisdiction to do so. Since the Defendant has completed his term and there is no motion pending, resolving the question of Defendant's eligibility would be nothing more than academic. Hence the question is moot, and there is no Article III case or controversy for the Court to decide. See Spencer v. Kemna, 523

U.S. 1, 7-8 (1998).

**IT IS, THEREFORE, ORDERED** that relief pursuant to Amendment 706 is **DENIED** in that the question of the Defendant's eligibility thereunder is moot.

Signed: April 16, 2009

Martin Reidinger
United States District Judge